# IN THE COURT OF APPEALS OF IOWA

No. 20-0051
Filed September 22, 2021

**MILTON WEIR,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____


Appeal from the Iowa District Court for Warren County, Michael Jacobsen, Judge.


A prisoner appeals the summary dismissal of his second application for postconviction relief. **AFFIRMED.**


Peter M. Sand, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

In 1986, a jury convicted Milton Weir of three counts of murder in the first degree and one count of robbery in the first degree in connection with the shooting deaths of Kenny Easter, LoRae McCuddin, and her six-year-old son Dustin. In his direct appeal, Weir unsuccessfully challenged the probable cause for executing a search warrant. *See State v. Weir*, 414 N.W.2d 327, 329 (Iowa 1987) (noting that the search discovered "substantial evidence linking Weir to the crime" including a partially dismantled revolver later identified as the murder weapon). Less than three years later, Weir filed his first application for postconviction relief (PCR), advancing many claims of ineffective assistance of counsel. The PCR court found his trial and appellate counsel performed competently. Our court affirmed the denial of relief in June 1993.

More than two decades passed before Weir filed this second PCR application. The district court dismissed it as untimely. The court recognized a second PCR may relate back to the filing of the first PCR under certain conditions. *See Allison v. State*, 914 N.W.2d 866, 890 (Iowa 2018). But the court found Weir failed to meet the condition in *Allison* that the successive PCR be "filed promptly after conclusion of the first PCR action." *See id.* at 892. Weir appeals that dismissal.

Before turning to the issues briefed by Weir's appellate counsel, we address his pro se motions. The supreme court issued orders in April 2020 and February 2021 directing that Weir's request for permission to file pro se supplemental briefs and other documents be submitted with the appeal. Following *Hrbek v. State,* 958 N.W.2d 779, 789 (Iowa 2021), we decline to consider Weir's pro se filings. *See*

Iowa Code § 822.3A(1) (2020). Weir filed another pro se motion on August 12, seeking to disqualify appellate counsel. Because Weir failed to show good cause, we issued an order denying that motion on August 18. On August 24 and September 2, he filed two more pro se motions asking for the same relief. We now deny those motions too.

We return to the appeal issues. Weir raises three issues. First, he claims the court erred in finding his application was barred by the three-year statute of limitations in Iowa Code section 822.3 (2014). Second, he contends the court should have appointed an expert to review the ballistics evidence from his criminal case before dismissing his PCR application. And third, he alleges the court "ignor[ed] manifest errors in the underlying criminal trial." On our review, we adopt the district court's rationale on the issues presented. We find Weir's application was untimely and warranted summary dismissal. A full opinion would not augment or clarify existing case law. So we affirm without further opinion under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**